UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ASHLEY L. TALMADGE, *o/b/o A.M.L.*,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

1:13-CV-01186
(GTS/ATB)

APPEARANCES:

OLINSKY LAW GROUP
  Counsel for Plaintiff
300 South State Street, Suite 420
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION
OFFICE OF REGIONAL GENERAL COUNSEL
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, New York 10278

OF COUNSEL:

HOWARD D. OLINSKY, ESQ.

ANDREEA L. LECHLEITNER, ESQ.

HON. GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this social security action filed by Ashley L. Talmadge, on behalf of A.M.L. ("Plaintiff"), against the Commissioner of Social Security ("Defendant" or "the Commissioner") is a motion by Plaintiff for an award of attorney's fees pursuant to Section 206(b)(1) of the Social Security Act. (Dkt. No. 17). For the following reasons, the motion is granted.

I.      **RELEVANT BACKGROUND**

   A.     **Procedural History**

On September 23, 2013, Plaintiff commenced an action in this Court seeking a reversal or remand of the Commissioner's denial of her claim for Supplemental Security Income on behalf of A.M.L. (Dkt. No. 1.) On December 3, 2013, with consent of the parties, Magistrate Judge Andrew T. Baxter ordered this case remanded to the Defendant and judgment was entered, accordingly.

On January 31, 2014, Plaintiff filed a motion for attorney's fees and costs of $1491.26 pursuant to the Equal Access to Justice Act, 24 U.S.C. § 2412 ("EAJA"). (*See generally* Dkt. No. 14.) Upon consent of Defendant, the Court granted Plaintiff's motion. (Dkt. Nos. 15, 16.)

On August 20, 2014, the ALJ issued a fully favorable decision finding A.M.L. disabled as of March 29, 2010. (Dkt. No. 17-2.) The retroactive benefits awarded to A.M.L. totaled $38,037.00. (*Id.*) The Commissioner withheld $9,509.25 from the retroactive benefits for attorney fees. On April 21, 2015, Plaintiff, by her attorney, Howard D. Olinsky, filed the current motion seeking an award of attorney's fees pursuant to Section 206(b)(1) of the Social Security Act. (See generally Dkt. No. 17.)

   B.     **Parties' Briefing on the Motion**

In support of her motion, Plaintiff asserts that she is entitled to attorney's fees in the amount of $3,509.25 pursuant to Section 206(b)(1) of the Social Security Act[1] and the contingency fee agreement between Plaintiff and her attorney. (Dkt. No. 17.) Plaintiff argues

---

[1] According to the Commissioner, $6000 of the $9,509.25 it set aside for attorney's fees was paid to attorney Brad Myler, who represented Plaintiff at the administrative level.

that the fee is reasonable due to Attorney Olinsky's extensive experience and efficiency and that the amount does not represent a windfall to Attorney Olinsky because Plaintiff will recover the EAJA award amount of $1491.26. (Dkt. No. 17-1 at 1-2 [Mem. of Law].). Finally, by declaration, Attorney Olinsky explains that the delay in filing the current motion occurred due to errors by the Commissioner in calculating the proper amount to be set aside for attorney's fees. (Dkt. No. 17-3 [Decl. of Howard D. Olinsky, Apr. 20, 2015].)

Defendant does not contest the reasonableness or the timeliness of the requested award, but notes that the statute requires that the Court independently review the requested fee and adjust it if necessary. (Dkt. No. 18 [Def.'s Letter Br.].)

## II. RELEVANT LEGAL STANDARD

Section 206(b)(1) of the Social Security Act provides as follows:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A) (2010) ("§ 406(b)"). *See also Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S. Ct. 1817 (2002); *Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir. 1990). "[B]ecause a successful social security claimant evaluates and pays his own attorney, a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case." *Wells*, 907 F.2d at 371. Section 406(b) does not displace any contingent-fee agreement between the claimant and attorney, but rather calls for judicial review of such arrangements to be sure that they yield reasonable results. *See Gisbrecht*, 535 U.S. at 807, 122 S. Ct. at 1828. Further, where fee awards are made under both § 406(b) and the EAJA, the claimant's attorney must refund the smaller amount to the claimant. *See id.*, at 796.

3

To determine the reasonableness of the fee, the court must: (1) give due deference to the intent of the parties; (2) ensure the fee is within the 25% statutory limit; (3) determine if there was "fraud or overreaching in [the] making [of] the agreement;" and (4) determine if the amount requested "is so large as to be a windfall to the attorney." *Wells*, 907 F.2d at 372.

In gauging whether the requested award constitutes a windfall, courts have considered

> (1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, . . . (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Whittico v. Colvin*, No. 09-CV-907, 2014 WL 1608671, at *5 (N.D.N.Y. Apr. 22, 2014) (quoting *Fura v. Astrue*, No. 08-CV-0689, 2011 WL 1541307, at *3 (N.D.N.Y. Apr. 21, 2011)). *See also Blizzard v. Astrue*, 496 F. Supp. 2d 320, 323 (S.D.N.Y. 2007) (quoting *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456-57 (W.D.N.Y. 2005)).

Finally, in determining whether the requested fees pursuant to § 406(b) are reasonable, the court is entitled to take into account counsel's failure to timely file a colorable EAJA application. *See Blair v. Colvin*, No. 11-CV-404, 2014 WL 3891321, at *1 (N.D.N.Y. Aug. 7, 2014) (denied motion for attorney's fees under § 406(b) because counsel's application for fees under the EAJA was delayed by approximately two weeks) (citing *Fura v. Astrue*, No. 08-CV-0689, 2011 WL 1541307, at *2 (N.D.N.Y. Apr.21, 2011) (motion for attorney's fees under § 406(b) denied due to failure to file an application under the EAJA); *Garland v. Astrue*, 492 F. Supp. 2d 216, 223, n.6 (E.D.N.Y. 2007). Likewise, a failure to timely file a motion for attorney's fees under § 406(b) is considered in determining whether the requested fee award is

reasonable. *See Gisbrecht*, 535 U.S. at 808; 122 S. Ct. at 1828 (citing *Rodriguez v. Bowen*, 865 F.2d 739, 746-747 (6th Cir. 1989)) (noting that if the attorney is responsible for delay, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court).

## III. ANALYSIS

### A. Whether Attorney Olinsky Is Entitled to Attorney's Fees Pursuant to § 406(b)

After carefully considering the matter, the Court answers this question in the affirmative for the reasons set forth in Plaintiff's memorandum of law. The Court would add only the following analysis.

Attorney Olinsky seeks an award of $3,509.25 for 6.3 hours of work. In doing so, he acknowledges that he is required to reimburse Plaintiff the amount of the EAJA award, $1,491.26. Consequently, the net award to Attorney Olinsky amounts to roughly $320 per hour. The amount requested is within the 25% statutory limit of past due benefits. Because the parties entered into a contingency agreement allocating less than 25% of any past due benefits to Attorney Olinsky, deference should be given to the parties' intent. *See Wells*, 907 F.2d at 372.

The Court does not find evidence of fraud or overreaching and Defendant agrees that no evidence of fraud or overreaching is present.

The Court does not believe that the amount sought by Attorney Olinsky amounts to a windfall for two reasons. First, Attorney Olinsky, who has years of experience litigating social security cases, was particularly successful in representing Plaintiff. As a result of Attorney Olinsky's efforts, A.M.L. was found disabled under the Social Security Act and awarded past due benefits.

5

Second, other district courts in this circuit have held that contingency fees greater than $320 per hour were reasonable fees for victorious social security disability lawyers. *See, e.g.*, *Warren v. Astrue*, No. 06-CV-2933, 2011 WL 5402493, at *2 (E.D.N.Y. Nov. 7, 2011) (holding $342 per hour was reasonable); *Joslyn v. Barnhart*, 389 F.Supp.2d 454, 457 (W.D.N.Y. 2005) (holding $891 per hour was reasonable); *Filipkowski*, 2009 WL 2426008, at *2 (holding $743.30 per hour was reasonable); *Blizzard v. Astrue*, 496 F.Supp.2d 320, 324-25 (W.D.N.Y. 2009) (holding $705 per hour was reasonable). Indeed, Defendant acknowledged in its brief that the amount sought does not seem so large as to be a windfall.

Finally, the Court finds that counsel's delay in seeking the award of attorney's fees on behalf of Plaintiff is excusable, for the reasons set forth in Defendant's letter brief in support of its lack of objection to Plaintiff's motion. Moreover, while Plaintiff's EAJA motion for attorney's fees was also untimely, Defendant consented to the award, which was ultimately granted by the Court. Consequently, under these circumstances, the untimeliness of Plaintiff's motions will not result in a reduction or denial of the requested attorney fee award.

Based on the foregoing, the Court finds the fee of $3,509.25 to be reasonable. Therefore, Plaintiff's motion is granted.

**ACCORDINGLY,** it is

**ORDERED** that Plaintiff's motion for attorney's fees under Section § 206(b)(1) of the Social Security Act (Dkt. No. 17) is **GRANTED**; and it is further

**ORDERED** that the Commissioner is directed to take the steps necessary to cause the amount of $3,509.25 to be made payable to counsel from the fund of withheld past-due benefits, in compliance with the requirements of the Social Security Act and implementing regulations as

interpreted by the federal courts, and in full satisfaction of the obligations imposed by this Decision and Order.

Dated: April 27, 2015
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge